FILED ✓ / ENTERED ✓ / RECEIVED __ / SERVED ON ✓
COUNSEL/PARTIES OF RECORD

JUN - 1 2005

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: MJ  DEPUTY

2005 MAY 26  P 4: 14

MJ

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) RIVIERA OPERATING CORP., ) ) Defendant. ) | CV-S-04-1257-RLH-LRL<br><br>**O R D E R** |

Before the court is proposed intervening plaintiffs Roni Hill and Jo-Anna Harris' Motion to Intervene (#7). The court has considered the motion, plaintiff EEOC's Statement of Non-Opposition (#8), and defendant's Opposition (#9).

Plaintiff has brought an action under Title VII (42 U.S.C. § 2000e-5(f)(1)) and the ADEA (29 U.S.C. § 626(b)) alleging that Hill, Harris, and a class of similarly situated individuals, were unlawfully retaliated against for having participated as witnesses in the EEOC's enforcement efforts against defendant. Hill and Harris seek to intervene alleging sex and age discrimination under state and federal anti-discrimination statutes, retaliation under Title VII and the ADEA, and intentional and negligent infliction of emotional distress. Defendant contends that Hill and Harris do not have a right to intervene as to any of the claims.

Defendant is correct that Hill and Harris do not have a right to pursue the ADEA retaliation claim. 29 U.S.C. § 626(c)(1) states:

> Any person aggrieved may bring a civil action in any court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this chapter: *Provided, that the right of any person to bring such action shall terminate upon the commencement of an action by the Equal*

10

*Employment Opportunity Commission to enforce the right of such employee* under this chapter.

(emphasis added). Accordingly, Hill and Harris do not have the right to intervene as to the ADEA retaliation claims because the EEOC has filed an action on their behalf on those claims. Hill and Harris, however, may pursue the age discrimination claims under the ADEA because the EEOC has not brought those claims.

The court finds that Hill and Harris also have an absolute right to intervene with respect to the Title VII claims, including the retaliation claims. *See* Fed. R. Civ. P. 24(a)(1); 42 U.S.C. § 2000e-5(f)(1). Defendant's contention that Hill and Harris do not have an absolute right to intervene because "the civil action brought by the 'Commission' is not brought against the government, governmental agency or political subdivision, but rather against the Riviera, a private employer" misconstrues the clear language of 42 U.S.C., § 2000e-5(f)(1). Oppo. (#9) at 4. 42 U.S.C., § 2000e-5(f)(1) provides, in pertinent part:

> [T]he Commission may bring a civil action against any respondent not a government, governmental agency, or political subdivision named in the charge. In the case of a respondent which is a government, governmental agency, or political subdivision, if the Commission has been unable secure from the respondent a conciliation agreement acceptable to the Commission, the Commission shall take no further action and shall refer the case to the Attorney General who may bring a civil action against such respondent in the appropriate United States district court. *The person or persons aggrieved shall have the right to intervene in a civil action brought by the Commission* or the Attorney General in a case involving a government, governmental agency, or political subdivision ... .

(emphasis added). The statute is crystal clear that the unconditional right to intervene is not limited to civil actions brought by the Commission against a government, governmental agency, or political subdivision. Indeed, the Commission may not even bring a civil action against a government, governmental agency, or political subdivision. Rather, in such cases, the Commission "shall refer the case to the Attorney General ... ." *See also General Tel. Co. Of the Northwest v. EEOC*, 446 U.S. 318, 326 (1980) ("The aggrieved person may [] intervene in the EEOC's enforcement action."); *EEOC v. Pacific Maritime Ass'n*, 188 F.R.D. 379 (D. Or. 1999).

2

1  The court further finds that Hill and Harris' remaining claims are proper pursuant to 28 U.S.C.
2  § 1367. Accordingly, and for good cause shown,
3      IT IS ORDERED that Roni Hill and Jo-Anna Harris' Motion to Intervene (#7) is
4  GRANTED to the following extent: Hill and Harris may intervene and pursue all proposed
5  claims except the ADEA retaliation claims.
6      DATED this 26th day of May, 2005.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**